**ANAPOL WEISS**
BY:   JAMES R. RONCA, ESQUIRE
        RYAN D. HURD, ESQUIRE
I.D. NO. 25631/205955
One Logan Square
130 N. 18th Street, Suite 1600
Philadelphia, PA 19103
P: (215) 790-4581                                                          Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREA TAMBURELLO<br>27 Cloister Court<br>Old Bridge, NJ 08857<br>  Plaintiff,<br>  v.<br><br>STEPHEN C. HAFLER<br>45 Porter Drive<br>Jim Thorpe, PA 18229<br><br>SPIDER LOGISTICS INC.<br>2202 West 166th Street<br>Markham, IL 60428<br><br>ARKA EXPRESS INC.<br>2202 West 166th Street<br>Markham, IL 60428<br><br>BJT EXPRESS INC.<br>2202 West 166th Street<br>Markham, IL 60428<br><br>BULLPEN EXPRESS INC.<br>2202 West 166th Street<br>Markham, IL 60428<br>  Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO.:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT

Plaintiff, Andrea Tamburello, by and through her undersigned counsel and the law firm Anapol Weiss, now file Plaintiff's Complaint to assert a cause of action for negligence against the above captioned Defendants, and in support thereof avers as follows:

1

## THE PARTIES

1. Plaintiff, Andrea Tamburello (hereinafter "Plaintiff" and/or "Ms. "Tamburello"), is an adult individual who resides at 27 Cloister Court, Old Bridge, New Jersey.

2. Ms. Tamburello was injured on November 25, 2018 in a two-vehicle accident caused by a tractor-trailer driver who failed to recognize traffic that had stopped in his path as described more fully in this Complaint.

3. Defendant, Spider Logistics, Inc. (hereinafter "Defendant and/or "Spider"), is a corporation and/or other business entity, organized, operating and existing under the laws of Illinois, with a principal place of business located at 2202 West 166th Street, Markham, Illinois.

4. Defendant, Arka Express, Inc. (hereinafter "Defendant and/or "Arka"), is a corporation and/or other business entity, organized, operating and existing under the laws of Illinois, with a principal place of business located at 2202 West 166th Street, Markham, Illinois.

5. Defendant, BJT Express, Inc. (hereinafter "Defendant and/or "BJT"), is a corporation and/or other business entity, organized, operating and existing under the laws of Illinois, with a principal place of business located at 2202 West 166th Street, Markham, Illinois.

6. Defendant, Bullpen Express, Inc. (hereinafter "Defendant and/or "Bullpen"), is a corporation and/or other business entity, organized, operating and existing under the laws of Illinois, with a principal place of business located at 2202 West 166th Street, Markham, Illinois.

7. Defendant, Stephen C. Hafler hereinafter "Defendant and/or ("Hafler"), is an adult resident of the Commonwealth of Pennsylvania, who resides at 45 Porter Drive, Jim Thorpe, Pennsylvania.

8. At all times material hereto, Defendant Hafler was an agent (actual and/or apparent), servant, workman and/or employee of Defendants Spider, Arka, BJT and/or Bullpen, employed under contract as a truck driver and/or freight hauler for said Defendants.

9. At all times material hereto, Defendant Hafler acted within the course and scope of his agency, servitude, and/or employment with the Defendants Spider, Arka, BJT and/or Bullpen.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. The amount in controversy is well in excess of the jurisdictional threshold and diversity of citizenship exists between the parties.

11. The amount in controversy is also well in excess of the compulsory arbitration threshold.

12. Venue is proper in the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1391(b). The causes of action upon which Plaintiff's Complaint is based arose in Monroe County, Pennsylvania, which is within the Middle District of Pennsylvania.

## FACTS

13. At all times relevant hereto, Ms. Tamburello was a restrained driver of a 2018 Mercedes-Benz CLA 250.

14. At approximately 6:00 p.m. on November 25, 2018, Defendant Hafler permissively operated a Great Dane tractor trailer which owned by his employer, Defendants Spider, Arka, BJT and/or Bullpen, with VIN number 1FUJGLGR5HLHH8662 and Illinois license plate number P920648.

15. Defendant Hafler operated the tractor trailer behind Plaintiff Tamburello, eastbound on I80 in the right lane.

16. Traffic was heavy on I80 and Plaintiff Tamburello applied her brake as traffic ahead of her had slowed and/or stopped.

17. Defendant Hafler failed to stop the aforementioned tractor trailer and violently collided with the rear of Plaintiff Tamburello's vehicle.

18. This crash was in no way caused or contributed to by the Plaintiff Tamburello and was solely caused by the Defendants in the particular manner set forth herein.

**COUNT I - NEGLIGENCE**
**ANDREA TAMBURELLO v. STEPHEN C. HAFLER;**
**SPIDER LOGISTICS, INC.; ARKA EXPRESS, INC.;**
**BJT EXPRESS, INC. AND BULLPEN EXPRESS, INC.**

19. All paragraphs of this Complaint are incorporated herein by reference as though fully set forth herein at length.

20. The losses, injuries and damages sustained by the Plaintiff Tamburello, as set forth herein, resulted directly and proximately from the negligent and careless conduct of Defendants and/or Defendants' agents, servants, workmen and/or employees, who were negligent, in the following manner:

    a. following Plaintiff's vehicle too closely;

    b. failing to maintain an assured clear distance;

    c. failing to maintain control over Defendants' motor vehicle;

    d. failing to properly and adequately observe traffic conditions, controls and/or signals;

    e. failing to operate the motor vehicle according to existing traffic conditions, weather conditions and/or traffic controls;

f. failing to exercise reasonable care and ordinary prudence by observing, inspecting, viewing, and paying attention to other motorists;

g. failing to observe and yield to the right of way of other motorists;

h. failing to properly and adequately operate Defendants' motor vehicle at an acceptable and/or controllable rate of speed;

i. failing to take proper action to avoid the collision;

j. failing to use due care for the safety of the Plaintiff under the circumstances;

k. operating a commercial vehicle in violation of FMCSR regulations and/or internal safety regulations and procedures concerning the amount of hours and distances that drivers may be on the road;

l. failing to employ the use of a co-driver as required by the FMCSR and/or internal safety regulations;

m. operating a commercial vehicle in violation of FMCSR and/or internal safety regulations and procedures for operation of the tractor, the trailer, and the load over public highways;

n. failing to properly and adequately operate said motor vehicle in accordance with traffic laws and/or regulations and ordinances of the Commonwealth of Pennsylvania relating to the operation of motor vehicles, including, inter alia: 75 Pa.C.S.A. §3714, 75 Pa.C.S.A. §3310A (Following too Closely), 75 Pa.C.S.A. §3323 (Stop Signs and Yield Signs), 75 Pa.C.S.A. §3361 (Driving Vehicle at Safe Speed), 75 Pa.C.S.A. 3309(1)(Remaining in / Changing Lanes);

o. failing to inspect Defendants' motor vehicle for defective and dangerous conditions such as unsafe braking and warning/signaling components and systems;

p. failing to maintain Defendants' motor vehicle in a safe manner, free from malfunctions, defects and dangerous conditions;

      q.    failing to properly and adequately prevent individuals Defendant knew operated or should have known to have operated a motor vehicle in a carelessness and negligent manner from operating his/her motor vehicle;

      r.    failing to properly and adequately entrust said motor vehicle to individuals who operate motor vehicles in a careful and non-negligent manner; and

      s.    negligence per se.

21. As a result of the negligence and carelessness of the Defendants and/or Defendants' agents, servants, workmen and/or employees, Plaintiff Tamburello, suffered and continues to suffer serious impairment of bodily functions and serious permanent injuries including, but not limited to: post-traumatic headache disorder; cervical derangement with C3-4 disc bulge; C4-5 disc herniations; C6-7 disc bulge; lumbosacral derangement with L2-3 and L5-S1 herniations; left hand, hip and knee arthropathy; left paracentral/left lateral recess T6-7 disc herniation with annular tear; mild desiccation of T4, T5-T6 and 7 discs; left hip surgery; scarring; decreased function and mobility; other orthopedic, neurological and internal injuries and aggravations; she sustained arthritic and vascular changes; she sustained severe shock and injury to her nerves and nervous system; she has in the past required and will in the future continue to require medicines, medical care, physical therapy, and surgical intervention.

22. As a further result of the negligence and carelessness of the Defendants and/or Defendants' agents, servants, workmen and/or employees, Plaintiff Tamburello suffered and will continue to suffer cognitive and visual impairments, aches, pains and mental anguish; and she has in the past been disabled and will in the future be disabled from performing her usual duties, occupations and avocations.

23. As a further result of the negligence and carelessness of the Defendants and/or Defendants' agents, servants, workmen and/or employees, Plaintiff Tamburello has suffered a permanent diminution of her ability to enjoy life and life's pleasures.

24. As a result of the negligence and carelessness of Defendants and/or Defendants' agents, servants, workmen and/or employees, Plaintiff Tamburello incurred excess medical expenses, will continue to incur medical expenses into the future, may be subject to outstanding medical bills and liens, and has incurred other outstanding bills related to the crash which are recoverable as damages.

25. As a further result of the negligence and carelessness of the Defendants and/or Defendants' agents, servants, workmen and/or employees, Plaintiff Tamburello suffered and is likely to continue to suffer significant wage loss and loss of earning capacity.

26. As a result of the carelessness and negligence of Defendants and/or Defendants' agents, servants, workmen and/or employees, Plaintiff Tamburello suffered additional economic losses which are recoverable as damages.

WHEREFORE, Plaintiff claims of Defendants, and/or Defendants' agents, servants, workmen and/or employees, a sum in excess of Two Hundred and Fifty-Thousand Dollars ($250,000.00), plus interest, costs, attorney's fees, and any other relief this Honorable Court deems appropriate.

**COUNT II – VICARIOUS LIABILITY**
**ANDREA TAMBURELLO V. STEPHEN C. HAFLER;**
**SPIDER LOGISTICS, INC.; ARKA EXPRESS, INC.;**
**BJT EXPRESS, INC. AND BULLPEN EXPRESS, INC.**

27. All paragraphs of this Complaint are incorporated herein by reference as though fully set forth herein at length.

28. At the time of the subject collision, Defendant Hafler was acting as a servant, agent, ostensible agent and/or employee of Defendants Spider, Arka, BJT and/or Bullpen.

29. Defendants Spider, Arka, BJT and/or Bullpen are responsible for and vicariously liable for the consequences of the actions and inactions of its employee, servant, agent and/or ostensible agent, Defendant Hafler.

30. The foregoing paragraphs of Count I which set forth Plaintiff's injuries and damages are incorporated herein by reference and made a part hereof as if set forth in full.

31. The injuries sustained by Plaintiff were a direct and proximate result of the aforesaid negligence and carelessness of the Defendants and were not caused or contributed to by any conduct of the Plaintiffs

WHEREFORE, Plaintiff claims of Defendants, and/or Defendants' agents, servants, workmen and/or employees, a sum in excess of Two Hundred and Fifty-Thousand Dollars ($250,000.00), plus interest, costs, attorney's fees, and any other relief this Honorable Court deems appropriate.

### COUNT III – CORPORATE NEGLIGENCE
#### ANDREA TAMBURELLO V. SPIDER LOGISTICS, INC.; ARKA EXPRESS, INC.; BJT EXPRESS, INC. AND BULLPEN EXPRESS, INC.

32. All paragraphs of this Complaint are incorporated herein by reference as though fully set forth herein at length.

33. Defendants were negligent in the hiring, training and supervision of Defendant Hafler in the following manner:

   a. failing to assure that Defendant Hafler was properly qualified to drive Defendants' truck;

   b. failing to assure that Defendant Hafler had the physical ability to safely drive Defendants' truck;

    c. failing to assure that Defendant Hafler was properly trained to drive Defendants' truck;

    d. failing to properly supervise Defendant Hafler;

    e. failing to properly assess and monitor Defendant Hafler's ability to drive Defendants' truck, and remove Defendant Hafler from service/employment;

    f. failing to enforce FMCSR regulations concerning the number of hours and distances which its drivers may be on the road;

    g. failing to enforce FMCSR and/or internal safety regulations and procedures concerning the number of hours and distances which its drivers may be on the road;

    h. failing to enforce FMCSR and/or internal safety regulations and procedures for operation of the tractor, the trailer, and the load over public highways

    i. failing to ensure that Defendant Hafler was accompanied by a co-driver as required by the FMCSR and/or internal safety regulations;

    j. Seeking out and selecting out and selecting Defendant Hafler to make the subject trip.

34. Defendants were additionally negligent in connection to Defendant Hafler's operation of Defendants' motor vehicle as follows:

    a. failing to properly and adequately prevent individuals Defendant knew operated or should have known to have operated a motor vehicle in a carelessness and negligent manner;

    b. failing to properly and adequately entrust said motor vehicle to individuals who operate motor vehicles in a careful and non-negligent manner;

    c. failing to inspect Defendants' motor vehicle for defective and dangerous conditions such as unsafe breaking components and systems; and

    d. failing to maintain Defendants' motor vehicle in a safe manner, free from malfunctions, defects and dangerous conditions.

35. The foregoing paragraphs of Count I which set forth Plaintiff's injuries and damages are incorporated herein by reference and made a part hereof as if set forth in full.

36. The injuries sustained by Plaintiff were a direct and proximate result of the aforesaid negligence and carelessness of the Defendants and were not caused or contributed to by any conduct of the Plaintiff.

WHEREFORE, Plaintiff claims of Defendants, and/or Defendants' agents, servants, workmen and/or employees, a sum in excess of Two Hundred and Fifty-Thousand Dollars ($250,000.00), plus interest, costs, attorney's fees, and any other relief this Honorable Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands trial by jury in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted,

**ANAPOL WEISS**

BY: _____
James R. Ronca, Esquire
Ryan D. Hurd, Esquire
Date: May 10, 2019    ID: 25631 and 205955
One Logan Square
130 N. 18th Street, Suite 1600
Philadelphia, PA 19103
jronca@anapolweiss.com
rhurd@anapolweiss.com
Counsel for Plaintiff

## VERIFICATION

I, Andrea Tamburello, hereby verify that I am the plaintiff in the foregoing action; that the attached Complaint in Civil Action is based upon information which I have furnished to counsel, and information which has been gathered by counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not mine. I have read the Complaint, and to the extent the statements therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information and belief. To the extent the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that if false statements were made herein I would be subject to the penalties of Federal Law and the laws of the Commonwealth of Pennsylvania relating to unsworn falsification to authorities.

By: _____
Andrea Tamburello

DATE: 05/10/19